Mr. Chief Justice Shahkey
delivered the opinion of the court.
This is an action on the case, to recover damages for slanderous words contained in a publication made by Menter, of and concerning Stewart. The defendant, Menter, pleaded the statute of limitations, that he had not made such publication within twelve months next before the commencement of the suit. To this plea there was a demurrer, which was sustained, and whether properly sustained, or not, is the only question in the case.
For the defendant in error, it is insisted, that as the slanderous words were written and contained in a libel, the case is not within the operation of that section of the statute, which fixes a limitation of one year in actions for words spoken.
By the fourth section of the act of limitations, “ All actions of trespass, qvare clausum fregit, actions of trespass, detinue, trover, replevin, debt and simple contract, and all actions of *699 account, and upon the case, except actions for slander, must be brought within six years after the cause of action originated.
The sixth section provides, that “ every action upon the case for words shall be commenced and sued within one year next after the words spoken and not after.”
Slander is verbal defamation of character, and a libel differs in nothing from verbal slander, in regard to the private right of parties, except that it is written or printed. A libel may be defined to be written slander. The same form of action must be adopted, in both, and whether the words were written or spoken, an action on the case for slander is the appropriate remedy. Blackstone, in speaking of libels, concludes his remarks by saying, that what “ he had already said with regard to words spoken, would also hold in every particular, with regard to libels, by writing or printing, and the civil actions consequent thereon.” The exception in the 4th section above referred to is general in excepting all actions for slander, and. there is nothing by which it could be construed to mean verbal slander alone. In making due application of the exception, but one inquiry can arise. Is it an action for slander? If so, whether it be written or verbal slander, the exception must apply. In either case, it would be an action for slander; for this is the general name which distinguishes actions on the case, for words either spoken or written. We understand what is meant by a prosecution for a libel, but when the private remedy is spoken of, it is known by the name used in the statute, an action for slander. I conclude, therefore, that no distinction was intended to be'made, and that an action on the case for written slander is no more subject to the six years’ limitation, than actions for verbal slander.
The 6th section requires, that actions for words shall be commenced within one year after the words spoken. Here, then, we find a limitation, and it cannot be that this section was only intended to apply to those cases in which the words were actually spoken, or verbal slander alone. The section begins by pointing to the cause of action intended to be reached, and it is action brought for words. Words printed and written are rvords still. *700 Writing and speaking are but different modes of expressing our ideas, the same signs or words being necessary in either mode. The language in the latter part of the section was only used to fix a time from which the limitation should begin to run, and not to qualify or limit its general meaning. Either this section must must apply to the case, or there is no limitation at all, for being an action for slander, within the strict meaning of the term, it is clearly excepted out of the operation of the 4th section.
No possible reason can be perceived, why the legislature probably intended to make any distinction. Actions of slander are evidently discountenanced by the very short time limited, in which those actions can be commenced, and if it be the policy of the law to discountenance actions for verbal slander, it must be equally so with regard to written. Both are calculated to disturb the harmony of the community, and if there be any difference, libels are more offensive than verbal slander, and certainly do not deserve greater clemency at the hands of the law.
There is a difference in regard to the limitation between words actionable in themselves, and such as are only so by consequence. As regards the latter, the limitation only begins to run, when the particular consequential injury commences. The words set out in the declaration are actionable of themselves, and the statute of twelve months was pleadable.
The judgment must be reversed, and cause remanded.